■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ETHEL FELICIANO, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered on April 30, 1986, which (1) convicted defendant upon her guilty plea of criminal sale of a controlled substance in the fifth degree and sentenced her to a term of 2 to 4 years, and (2) vacated the judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on November 19, 1985 (convicting defendant upon her guilty plea of criminal possession of a weapon in the third degree and sentencing her to five years' probation) and resentenced her as a probation violator to an indeterminate term of 1½ to 4½ years on the weapons conviction to run consecutively with the narcotics conviction, is unanimously modified, in the exercise of discretion and in the interest of justice, so as to direct that the two sentences shall run concurrently, and as so modified, affirmed.

On March 26, 1986 defendant pleaded guilty to the narcotics charge pursuant to a plea bargain which included assurances by the court that the two sentences would run concurrently. After the submission and acceptance of her plea, defendant prevailed upon the court to release her on her own recognizance for a brief five-day period to secure her personal effects. She failed to return to court on the March 31, 1986 surrender date. Defendant was subsequently rearrested pursuant to a bench warrant and returned to court a month and four days later.

During the final sentencing proceedings on April 30, 1986, defendant sought mercy from the court on the ground that she became distraught and disoriented when she discovered that her personal belongings had been totally lost. The court's response was to provide for consecutive terms of imprisonment on the ground that defendant's breach of her promise to appear for surrender "cannot go unrecognized and it won't go unrecognized".

On appeal defendant's sole point is that the sentence ultimately imposed upon her was excessive. We find merit in this contention. The sole rationale for this increased punishment was defendant's failure to return to court on the specified date. While we sympathize with the frustration of the sentencing court, in light of several factors favorable to defendant disclosed by this record, including a favorable employment history, strong family ties, and modest history of involvement in criminal conduct, we find that the enhanced sentence imposed solely as retribution for defendant's brief evasion was improvident in view of defendant's background and favorable

presentence report *(People v Murray,* 63 AD2d 708). Accordingly, we modify to the extent indicated. Concur—Murphy, P. J., Sandler, Sullivan, Ellerin and Wallach, JJ.