■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA ROGERS, Appellant.—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Rotker, J.), imposed October 3, 1989, upon her conviction of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, the sentence being an indeterminate term of 5 to 15 years' imprisonment.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the term of impris-

onment to an indeterminate term of 1⅓ to 4 years; as so modified, the sentence is affirmed.

At the time of the plea allocution the court conditioned the promised sentence of five years' probation, *inter alia,* upon the defendant cooperating with the Probation Department and appearing on the date scheduled for sentencing. The court advised the defendant that if she failed to abide by the conditions, it would impose a sentence of 5 to 15 years' imprisonment, the maximum permissible sentence for the crime to which she pleaded guilty, a class C felony offense *(see,* Penal Law § 70.00 [2] [c]; [3] [b]). The defendant failed to appear in court on August 29, 1989, the day scheduled for sentencing, and thereafter, on October 3, 1989, was sentenced in absentia to 5 to 15 years' imprisonment. The sentence was executed about 1½ months later when the defendant was returned to court after being arrested on a bench warrant.

We find that the sentence of 5 to 15 years is unduly harsh under the circumstances of this case and modify it accordingly. The now 25-year-old defendant is a first offender who stands convicted of an attempted sale of $20 worth of cocaine. The record indicates that as a condition of the probationary term originally promised, the defendant was to submit to drug treatment and therapy. Clearly, because of the defendant's failure to cooperate with the Probation Department and her failure to appear in court on the scheduled date, the court was no longer bound by its promise to impose a term of five years' probation and was free to impose the higher sentence *(see, e.g., People v Asencio,* 143 AD2d 917; *People v Warren,* 121 AD2d 418). Nevertheless, in the exercise of our interest of justice jurisdiction, we reduce the sentence of 5 to 15 years' imprisonment to an indeterminate term of 1⅓ to 4 years, in view of the defendant's lack of prior criminal involvement, her present circumstances, and the nature of the crime for which she stands convicted *(see, People v Jackson,* 130 AD2d 510; *People v Murray,* 63 AD2d 708; *see also, People v Feliciano,* 135 AD2d 364). Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.