■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BOWDEN, Appellant. [634 NYS2d 220] —Yesawich Jr., J.

Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered January 24, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Faced with indictments charging nine counts involving the possession and sale of cocaine on September 29, 1992, defendant entered into a plea agreement, the terms of which included supervised release on $2,500 bail pending sentencing, a prison sentence of 7 1/2 to 15 years as a second felony offender and a four-week adjournment for sentencing. The agreement also provided that if defendant failed to appear for sentencing without justification, County Court would not be bound by the agreed-upon sentence and defendant would be exposed to persistent felony offender treatment and a sentence of 25 years to life. Sentencing was scheduled, and defendant was given *Parker* warnings (*see, People v Parker*, 57 NY2d 136, 141) and admonished that, *inter alia*, failure to appear at sentencing would likely result in persistent felony offender treatment. Difficulties in arranging probation supervision of defendant necessitated County Court's intervention and resulted in an 18-day delay in defendant's release. At that time, defendant was again admonished concerning his scheduled sentencing.

Defendant absconded only to be arrested several months later on a bench warrant. Defendant admitted that he did not have a legitimate excuse for his nonappearance, and pursuant to a sentencing bargain which included no prosecution on the bail jumping matter and an admission of his persistent felony offender status, he was sentenced to 15 years to life. Defendant appeals.

There is no merit to defendant's contention that County Court's refusal to extend the date of sentencing after the 18-day delay in his presentence release warrants a reversal. This issue was not preserved for appellate review, for defendant did not move to withdraw his plea or to vacate his judgment of conviction (*see, People v Lopez*, 71 NY2d 662, 665). Moreover, the record fails to establish how much of the delay was attributed to arranging supervision and how much to defendant's efforts to arrange bail. Despite the delay, defendant had three weeks of presentence release before his failure to appear.

Also unpersuasive is defendant's claim that he was not afforded an opportunity to explain his nonappearance. The ultimate sentence imposed was the result of a new bargain made because of, and following, defendant's failure to appear for his scheduled sentencing. Though the reason given by defendant for not appearing was acknowledged to be inadequate,

defendant declined an opportunity to elaborate upon any justification or excuse. Inasmuch as the record established that defendant breached his unequivocal appearance requirement by absconding without any exculpatory reason, County Court's imposition of the enhanced sentence was not an abuse of discretion (*see, People v Outley*, 80 NY2d 702).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.