OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *841
 
 Supreme Court promised defendant that it would sentence him to
 
 21h
 
 to 5 years and temporarily release him on his own recognizance in exchange for his guilty plea to attempted burglary in the second degree, provided that he (1) return to court for sentencing in six weeks, (2) not get rearrested during that six-week period while the Probation Department conducted its presentence investigation, and (3) cooperate with the Probation Department in that investigation. Supreme Court advised defendant that in the event any one of these three conditions was violated, the court would not be bound by the plea agreement and could sentence him to
 
 71h
 
 to 15 years. Defendant failed to return to court on the scheduled sentencing date and a bench warrant was issued. When defendant was brought into court on the warrant, the People informed the court that defendant had been arrested on two felonies during his presentence release. Supreme Court ordered defendant held without bail pending sentencing. Defendant subsequently moved to withdraw his guilty plea. Supreme Court denied the motion, noting that the colloquy regarding the plea agreement was clear. Supreme Court imposed an enhanced sentence of 31/2 to 7 years.
 

 Defendant’s failure to appear in court on the scheduled sentencing date constituted a violation of the plea agreement. Therefore, Supreme Court was no longer bound by the plea promise and could properly impose an enhanced sentence
 
 (see, People v Avery,
 
 85 NY2d 503, 507;
 
 People v Seaberg,
 
 74 NY2d 1, 7;
 
 People v Selikoff,
 
 35 NY2d 227, 238,
 
 cert denied
 
 419 US 1122). Under these facts, there was no need for Supreme Court to afford defendant an opportunity to challenge the foundation of his postplea arrests in accordance with
 
 People v Outley
 
 (80 NY2d 702, 713,
 
 habeas corpus denied sub nom. Maietta v Irvin,
 
 1995 WL 505558 [SD NY]), based on the independent, legally valid basis for the enhanced sentence.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.