■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT N. LUSBY, Appellant. [683 NYS2d 464] —Judgment unanimously affirmed. Memorandum: By failing to move to withdraw his plea or to vacate the judgment of conviction on the ground that the factual allocution was legally insufficient, defendant failed to preserve that issue for our review (*see, People v Lopez*, 71 NY2d 662, 665; *People v Pellegrino*, 60 NY2d 636). There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). There is no support in the record for his contention that, because the victim named in the indictment had a first name different from the victim identified during the plea colloquy, defense counsel thereby allowed defendant to plead guilty to a crime that he did not commit. (Appeal from Judgment of Yates County Court, Falvey, J.—Rape, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. CARPENTER, Appellant. [682 NYS2d 652] —Judgment unanimously affirmed. Memorandum: We reject the contention that County Court erred in imposing an enhanced sentence based upon defendant's failure to appear on the scheduled sentencing date without inquiring into the reason for defendant's nonappearance. The court afforded defendant an adequate opportunity to explain his failure to appear at sentencing, and defendant failed to provide a plausible explanation (*see, People v Knowles*, 244 AD2d 425, 426; *People v Bowden*, 221 AD2d 723, *lv denied* 87 NY2d 919). Thus, the court was entitled to impose the enhanced sentence without conducting further inquiry. (Appeal from Judgment of Onondaga County Court, Burke, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.