■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WALDRON, Appellant. [684 NYS2d 303] —Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered October 14, 1997, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Pursuant to a plea bargain agreement, defendant entered a plea of guilty to the crime of robbery in the third degree, waiving his right to appeal, in exchange for a sentence of $1\frac{1}{2}$ to $4\frac{1}{2}$ years in prison. Upon the request of defense counsel, County Court agreed to postpone defendant's sentencing until a disposition was made in an unrelated matter before the County Court of Warren County. Defendant failed to appear on the scheduled date resulting in a sentence of 2 to 6 years in prison.

We reject defendant's contention that the waiver of his right to appeal is unenforceable because it was conditioned upon the imposition of the originally bargained-for sentence. An integral part of the plea bargain, as articulated by County Court on the record at defendant's plea hearing, was that defendant present himself for sentencing on the appointed date and that his failure to do so without just cause could result in the imposition of an enhanced sentence (see, e.g., People v Johnson, 238 AD2d 641, lv denied 90 NY2d 859). By his nonappearance, defendant violated the terms of the plea agreement, justifying the lengthier sentence (see, People v Figgins, 87 NY2d 840, 841).

The sentence of 2 to 6 years was neither harsh nor excessive. Given the circumstances presented here, including defendant's lengthy criminal history and the fact that it was committed while defendant was serving a previously imposed sentence of probation, the sentence will not be disturbed (see, People v Small, 192 AD2d 889). Defendant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.