■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK PERHAM, Respondent. [695 NYS2d 165] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 18, 1997, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to driving while intoxicated as a felony and, as part of the plea bargain, he was to receive, *inter alia*, a sentence of six months in jail and five years' probation. Defendant executed a waiver of the right to appeal and, because he was to be released on his own recognizance prior to sentencing, he also executed a form acknowledging that he had read and understood the *Parker* warnings (*see, People v Parker*, 57 NY2d 136, 141). When defendant failed to appear for sentencing, County Court sentenced him in absentia to an indeterminate term of imprisonment of 1⅓ to 4 years. Defendant ultimately appeared and moved to be resentenced in accordance with the plea agreement. He offered no excuse for his failure to appear for sentencing, claiming instead that he was not adequately warned about the consequences of his failure to appear. County Court denied defendant's application and he now appeals from the judgment.

Defendant's argument that County Court abused its discretion in imposing a sentence greater than that agreed upon as part of the plea bargain falls squarely within the scope of his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733), which he failed to challenge by moving to vacate the plea or judgment. In any event, there is no merit to the argument.

The record establishes that during the plea proceeding, defense counsel was directed to review the *Parker* admonishment form with defendant; defendant thereafter acknowledged that he understood the warnings and agreed to be bound by the terms of the form, which expressly warned defendant that despite an agreed-upon sentence, his failure to appear for sentencing without a valid reason would allow the court to impose any lawful sentence it deemed appropriate. Defendant and counsel signed the *Parker* admonishment form, which was clear and unambiguous. Defendant's subsequent breach of the unequivocal appearance requirement without any exculpatory reason relieved County Court of its obligation to impose the agreed-upon sentence and permitted the imposition of an enhanced sentence (*see, People v Outley*, 80 NY2d 702; *People v Bowden*, 221 AD2d 723, *lv denied* 87 NY2d 919). Considering defendant's criminal history, which includes a prior felony conviction and violation of probation, we see no abuse of discretion in the sentence imposed.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.