(January 20, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHRANSTIEHL CAINES, Appellant. [702 NYS2d 212] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 10, 1997, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

In September 1996, defendant was the subject of a four-count indictment charging him with the crimes of robbery in the first degree, grand larceny in the fourth degree, petit larceny and unlawful imprisonment in the second degree. These charges arose out of an incident which had taken place the previous June when defendant allegedly accosted a neighbor, tied him up and robbed him of a credit card, a ring and $15 in cash. When the victim attempted to escape by jumping out a second-story window, he suffered a fractured spine.

Pursuant to the negotiated plea bargain, defendant pleaded guilty to the reduced crime of attempted robbery in the first degree and waived his right to appeal in exchange for a determinate prison sentence of seven years. At the plea hearing, defendant pleaded guilty as agreed and County Court continued his bail, admonishing him to appear for the scheduled sentencing hearing and to meet with the Probation Department to enable preparation of a presentence report. A written *Parker* admonishment (*see, People v Parker*, 57 NY2d 136) setting forth those conditions, among others, was signed by defendant. The plea hearing minutes reflect that County Court and defense counsel each reminded defendant that his failure to abide by these conditions would constitute a violation of the terms of the plea agreement, as a result of which the court would not be bound by the agreed-upon sentencing terms. Defendant was continued on bail and then failed to abide by either condition. Consequently, when he did appear at the rescheduled sentencing hearing, County Court sentenced defendant as a second felony offender to a determinate prison term of eight years.

Defendant appeals, contending, *inter alia*, that County Court abused its discretion by sentencing him to a determinate prison

term of eight years rather than the seven-year sentence that had been agreed upon as part of the plea agreement. To the extent that this challenge is to the legality of the sentence, it survived his guilty plea and its concomitant waiver of appeal, but was otherwise waived by his unqualified waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733; *People v Muniz*, 91 NY2d 570; *People v Seaberg*, 74 NY2d 1, 9; *People v Perham*, 263 AD2d 766, *lv denied* 93 NY2d 1045; *People v George*, 261 AD2d 711, 714, *lv denied* 93 NY2d 1018). In any event, that challenge is found to be without merit. The record discloses that an integral part of the plea bargain—as articulated by County Court at the plea hearing—was defendant's agreement to meet and cooperate with the Probation Department and to present himself for sentencing on the appointed date. Defendant violated the terms of the plea agreement by his noncooperation and nonappearance, permitting imposition of an enhanced sentence (*see, People v Figgins*, 87 NY2d 840, 841; *People v Perham, supra*, at 766-767; *People v Waldron*, 257 AD2d 771; *People v Johnson*, 238 AD2d 641, *lv denied* 90 NY2d 859).

Further, defendant's claim that his waiver of appeal was not knowing, voluntary and intelligent—in that he did not understand that the bargained-for sentence was conditioned upon cooperation with the Probation Department—is belied by the record. The plea colloquy demonstrates that defendant was advised more than once what the conditions and terms of the plea agreement were and that his violation thereof would release County Court from the sentencing commitment, that these terms were an essential part of the plea agreement to which he would be bound at sentencing, and that he knowingly agreed to these terms and executed a written waiver which he reaffirmed at sentencing (*see, People v Seaberg, supra*, at 12). Further, defendant never moved to withdraw his guilty plea and, thus, any challenge to the sufficiency of the plea allocution is not preserved (*see, People v George, supra*, at 712; *People v Ubrich*, 245 AD2d 886, 887, *lv denied* 91 NY2d 945; *see also, People v Farrar*, 52 NY2d 302, 308, n).

Assuming, without deciding, that defendant's challenge to the *enhanced* sentence as harsh and excessive was not waived by virtue of his negotiated guilty plea and waiver of appeal (*cf., People v Hidalgo, supra*; *People v Allen*, 82 NY2d 761), we do not consider the determinate sentence of eight years, which was far less than the maximum permissible sentence, to be harsh or excessive. Given, *inter alia*, defendant's extensive criminal history and prior violent felony conviction, together

with the violent nature of the crime and the serious injury suffered by the victim, there is no ground for a reduction in sentence (*see, People v Collins*, 257 AD2d 917, *lv denied* 93 NY2d 898; *People v Kenyon*, 245 AD2d 914, *lv denied* 92 NY2d 854). Defendant's remaining contentions, to the extent that they are subject to review on this appeal, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.