Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, motion granted and indictment dismissed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAHLIL J. COVELL, Appellant. [714 NYS2d 370] —Spain, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 12, 1998, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree and criminal contempt in the first degree.

Defendant waived indictment and pleaded guilty to criminal possession of a forged instrument in the second degree and criminal contempt in the first degree in satisfaction of two superior court informations with the understanding that he would be sentenced to concurrent prison terms of $1\frac{1}{3}$ to 4 years on each count provided that he abide by the conditions imposed during the plea proceedings. As a part of the plea agreement, defendant waived his right to appeal all issues including the severity of his sentence. Defendant signed a written *Parker* admonishment (*see, People v Parker*, 57 NY2d 136, 141) and was released on his own recognizance to permit him to take care of a personal matter. County Court directed defendant at the plea proceedings to surrender himself on January 5, 1998 to begin serving his sentence of imprisonment prior to the actual sentencing date.

When, a few days later, County Court was informed that defendant was not residing where he had represented at the plea proceedings he would be residing, the court issued a bench warrant for defendant's arrest. Defendant failed to surrender himself—as required by the terms of the plea bargain—on January 5, 1998, although he surrendered the following day. At sentencing defendant moved to withdraw his plea, essentially arguing that he was dissatisfied with defense counsel's representation and with the severity of the bargained-for sentences. County Court denied the motion and, based upon its conclusion that defendant had violated several conditions of the plea bargain during his release, imposed concurrent prison terms of $1\frac{1}{3}$ to 4 years on the contempt count as originally promised but imposed an enhanced sentence of 2 to 6 years on the criminal possession count. Defendant now appeals.

Defendant contends on appeal that County Court erred in imposing an enhanced sentence based upon his postplea conduct during his release which was never set forth at the plea proceedings as a condition of the bargained-for sentence. Because we conclude that defendant is partially correct, we must remit the matter to County Court for resentencing.

Initially, defendant's contention that County Court erred in denying his motion to withdraw his guilty plea prior to imposing the enhanced sentence is unpreserved, as defendant did not premise his motion on the imposition or potential imposition of an enhanced sentence (*see, People v Carter*, 254 AD2d 202, *lv denied* 93 NY2d 871). In any event, an examination of the plea colloquy reveals that defendant entered the guilty pleas and waived his right to appeal knowingly, intelligently and voluntarily (*see, People v Seaberg*, 74 NY2d 1, 10-12; *see also, People v Callahan*, 80 NY2d 273, 280; *People v George*, 261 AD2d 711, 712, *lv denied* 93 NY2d 1018). Thus, defendant was not entitled to withdraw his guilty pleas.

However, we conclude that County Court erred by imposing an enhanced sentence which was—in part—expressly based upon defendant's purported violations of plea terms which were never imposed or agreed to at the plea proceedings as conditions to the plea bargain and agreed-upon sentences. Specifically, at sentencing County Court stated to defendant, "I feel that I am obligated to do that [i.e., to impose an increased sentence] in light of your ignoring the instructions that I gave you [at the plea proceedings] with regard to your place of residence, staying in touch with your attorney and reporting to the Saratoga County Jail on January 5th." An examination of the plea proceedings demonstrates that, prior to accepting defendant's guilty pleas, the court in fact directed defendant to surrender himself on January 5, 1998 to begin serving his sentence and advised defendant that the plea bargain was conditioned on his doing so and, after accepting defendant's pleas, reminded defendant that failure to surrender himself could result in enhanced sentencing.

Notably, in imposing an enhanced sentence, County Court relied on two factors which were not clearly made conditions of the plea—pertaining to defendant's residency during his release and his obligation to stay in touch with his attorney— and thus, to that extent, the enhanced sentence was based on impermissible factors. While defendant and his counsel made representations during the plea colloquy that defendant would be residing with a particular person during his brief release, defendant's residency was never clearly made a condition of the plea bargain and defendant was never advised that failure to maintain that residency could result in an enhanced sentence. Likewise, the court never instructed defendant during the plea proceedings that maintaining contact with his attorney was a condition of the plea, the disregard of which could result in a sentence enhancement.

While waivers of appeal are generally enforceable (*see, People v Hidalgo*, 91 NY2d 733, 735; *People v Seaberg, supra*, at 11-12), we determine that defendant's waiver of appeal does not preclude consideration of this sentencing issue as defendant's appeal waiver did not encompass a challenge to an enhanced sentence based upon factors or terms never clearly set forth at the plea proceeding or in the *Parker* admonishment as conditions to the plea bargain (*cf., People v Caines*, 268 AD2d 790, 791, *lv denied* 95 NY2d 833; *People v Perham*, 263 AD2d 766, *lv denied* 93 NY2d 1045; *People v Waldron*, 257 AD2d 771). That is, it cannot be said that defendant "knowingly" waived his right to challenge on appeal the imposition of an enhanced sentence premised on his violation of terms never agreed to or made part of the plea bargain (*see, People v Seaberg, supra*, at 11-12; *see also, People v Hidalgo, supra*, at 735-736; *People v Callahan, supra*, at 280; *cf., People v Caines, supra*, at 791). While trial courts have broad discretion to impose conditions upon their approval of negotiated sentences in an effort to fashion individualized sentences, conditions imposed are only valid if the parties agree to them and they do not violate any statute or public policy (*see, People v Avery*, 85 NY2d 503, 507). Further, the imposition and enforcement of sentencing conditions must satisfy the requirements of due process (*see, People v Naranjo*, 89 NY2d 1047, 1049; *People v Outley*, 80 NY2d 702, 712).

By contrast, we reject defendant's contention that the terms of the plea bargain articulated at the plea allocution required both his failure to surrender on January 5, 1998 and his failure to appear at sentencing in order to expose him to sentence enhancement. Thus, by failing to surrender himself on the scheduled date, defendant in fact violated the terms of the plea agreement relieving County Court of its obligation to impose the agreed-upon sentence and permitting imposition of an enhanced sentence (*see, People v Figgins*, 87 NY2d 840, 841; *People v Caines, supra*, at 791; *People v Perham, supra*; *People v Waldron, supra*). Had County Court relied solely on defendant's failure to surrender in imposing the enhanced sentence, we would have upheld its authority to do so and otherwise given full effect to defendant's waiver of all appeal rights. However, since the enhanced sentence was imposed in part on the basis of conduct by defendant during his release which was not clearly included as a term or condition of the plea agreement, defendant is entitled to a new sentencing hearing in accordance with this decision.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur.

Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a prison sentence of 2 to 6 years upon his conviction of the crime of criminal possession of a forged instrument in the second degree count; matter remitted to the County Court of Saratoga County for resentencing on said crime; and, as so modified, affirmed.