■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON A. ESPINO, Appellant. [718 NYS2d 729] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 24, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a superior court information, defendant waived indictment and pleaded guilty to criminal sale of a controlled substance in the third degree with the understanding that County Court would sentence him to 3 to 9 years in prison.

After accepting the plea, the court admonished defendant that if he failed to appear on the date scheduled for sentencing the court would be authorized to impose an enhanced sentence of up to $8^{1}/_{3}$ to 25 years in prison. Defendant failed to appear for sentencing and was returned to court on a bench warrant several months later and sentenced to a prison term of 5 to 15 years. On defendant's appeal, defense counsel—following the appropriate procedure—submitted a brief seeking to be relieved of his assignment as counsel on the ground that no nonfrivolous appealable issues exist (*see, People v Cruwys*, 113 AD2d 979, 980, *lv denied* 67 NY2d 650; *see also, Anders v California*, 386 US 738). The People submitted a letter agreeing with defense counsel's position. Defendant submitted a *pro se* letter to this Court arguing that his sentence should be reduced in the interest of justice (*see*, CPL 470.15 [6] [b]) and requesting that new appellate counsel be assigned. For reasons to be explained, we conclude that a decision on this appeal should be withheld, defense counsel's motion to be relieved of counsel should be granted and new appellate counsel should be assigned.

Where, as here, a defendant pleads guilty but did not waive his right to appeal and an enhanced sentence is imposed based upon the trial court's determination that he or she violated a term of the plea agreement, the defendant has a statutory right to argue on appeal to the Appellate Division that the enhanced sentence imposed—though lawful—was harsh and excessive and should be reduced in the interest of justice (*see*, CPL 470.15 [6] [b]; 470.20 [6]; 450.10 [2]; *People v Thompson*, 60 NY2d 513, 518-520; *People v Coleman*, 30 NY2d 582; *see, e.g., People v Morton*, 275 AD2d 865; *People v Coleman*, 270 AD2d 713; *People v Ramsey*, 269 AD2d 616, *lv denied* 94 NY2d 951; *People v Diaz*, 264 AD2d 879, *lv denied* 94 NY2d 879; *People v Rogers*, 166 AD2d 679; *People v Jackson [Everett]*, 130 AD2d 510; *see also, People v Delgado*, 80 NY2d 780; *People v Pollenz*, 67 NY2d 264, 268; *People v Gonzalez*, 47 NY2d 606).

To be distinguished, we have repeatedly adhered to the rule that a defendant's valid waiver of appeal executed pursuant to a plea agreement generally precludes our review of a claim that the sentence is harsh and excessive, although the legality of a sentence is never waived (*see, People v Hidalgo*, 91 NY2d 733; *People v Allen*, 82 NY2d 761; *People v Seaberg*, 74 NY2d 1, 7-10; *People v Etkin*, 277 AD2d 599; *People v Smith*, 272 AD2d 782, 783, *lv denied* 95 NY2d 871; *People v Caines*, 268 AD2d 790, 790-791, *lv denied* 95 NY2d 833; *People v Johns*, 267 AD2d 718, *lv denied* 94 NY2d 949; *People v Young*, 253

AD2d 982, *lv denied* 92 NY2d 1055; *see also, People v Ross*, 276 AD2d 649; *People v Iorio*, 276 AD2d 564). Thus, in a plethora of appeals wherein the defendant voluntarily, knowingly and intelligently pleaded guilty, waived all appeal rights and received the lawful, negotiated sentence, we affirmed the judgment of conviction and granted defense counsel's application pursuant to *People v Cruwys* (113 AD2d 979, *supra*) and *Anders v California* (386 US 738, *supra*) to withdraw (*see, People v Carney*, 276 AD2d 920; *People v Mochrie*, 276 AD2d 831; *People v Villaronga*, 272 AD2d 641; *People v Carter*, 271 AD2d 708, *lv denied* 95 NY2d 794; *People v Haennel*, 269 AD2d 698; *People v Kwiatkowski*, 268 AD2d 681, *lv denied* 94 NY2d 949; *People v Gage*, 261 AD2d 660; *cf., People v Cobbs*, 276 AD2d 917). We have also affirmed convictions and granted defense counsel's *Anders* motions to withdraw in appeals involving defendants who pleaded guilty and were sentenced in accordance with the negotiated plea agreement but who did not waive their right to appeal (*see, People v Jandreau*, 276 AD2d 925; *People v Goodrich*, 276 AD2d 832; *People v Cook*, 273 AD2d 543; *People v Waddell*, 272 AD2d 639; *People v Roundtree*, 261 AD2d 715).

Likewise, we have held that where a defendant who concomitantly validly pleaded guilty and waived all appeal rights receives an enhanced sentence based upon a violation of the terms of the plea agreement, any claim addressed to the harshness or excessiveness of the enhanced sentence falls within the scope of the waiver of the right to appeal, provided the defendant is informed of the maximum potential sentence for noncompliance with the plea agreement* (*see, People v Perham*, 263 AD2d 766, *lv denied* 93 NY2d 1045; *see also, People v Lococo*, 92 NY2d 825, *supra*; *People v Hidalgo*, 91 NY2d 733, *supra* [upheld waiver on appeal where no sentence promised at plea]; *People v Burnice*, 272 AD2d 882, *lv denied* 95 NY2d 863; *People v Caines*, 268 AD2d 790, 790-791, *supra*; *People v Miles*, 268 AD2d 489, *lv denied* 95 NY2d 800; *cf., People v Covell*, 276 AD2d 824 [conditions of plea not clear, therefore appeal waiver did not preclude review of enhanced sentence]; *People v Parker*, 271 AD2d 63 [defendants entitled to challenge enhancements because waiver of appeal did not encompass plea terms which failed to comport with due process]).

However, where, as here, defendant did not waive his right to appeal as part of the plea agreement and an enhanced

---

* However, if a defendant is not advised at the time of the plea of the maximum sentence he or she could face, the appeal waiver does not encompass the right to challenge the sentence as harsh and excessive (*see, People v Shea*, 254 AD2d 512, 513; *cf., People v Lococo*, 92 NY2d 825).

sentence was imposed, we cannot conclude that an appeal raising the issue of the harshness and excessiveness of the enhanced sentence would be "wholly frivolous" although, by distinction, it may ultimately be determined to be without merit (*see, People v Vasquez*, 70 NY2d 1, 3; *People v Saunders*, 52 AD2d 833, 834; *see also, Anders v California*, 386 US 738, 744, *supra*; *People v Gonzalez*, 47 NY2d 606, 611, *supra*; *People v Cruwys*, 113 AD2d 979, 980, *supra*). Accordingly, since this issue is arguable on its merits, defendant is entitled to assignment of new counsel to argue the appeal (*see, People v Cruwys, supra*, at 980; *People v Saunders, supra*, at 834), with the Court taking no position on the merits of the appeal.

In withholding a decision and assigning new counsel, we decline to decide the appeal on the record and *Anders* brief before us, as no immediate decision appears justified or necessary (*see, People v Cruwys, supra*, at 980; *People v Crawford*, 71 AD2d 38, 39; *People v Saunders, supra*, at 834; *cf., People v Wasson*, 266 AD2d 701, 702, n). Although we have on occasion commented that a particular sentence was not harsh and excessive in the context of affirming a conviction and granting defense counsel's application pursuant to *Anders* to withdraw (*see, e.g., People v Snow*, 273 AD2d 549; *People v Phillips*, 271 AD2d 760; *People v Hastings*, 271 AD2d 707; *People v Deanne*, 270 AD2d 515; *People v Ben-Levi*, 269 AD2d 697), acceptance of an *Anders* brief and granting defense counsel's motion to be relieved more correctly indicate that the issues are "wholly frivolous" and lack any arguable merit and do not result in a determination on the merits of arguable issues (*see, Anders v California, supra*, at 744; *People v Vasquez, supra*, at 3; *People v Saunders, supra*, at 834). Deciding an arguable issue—such as the fairness of an enhanced sentence—which a defendant is statutorily permitted to raise in this Court in the absence of the "single-minded" advocacy of appellate counsel may, in particular cases, work to deprive a defendant of effective assistance of counsel to which he or she is entitled (*see, People v Casiano*, 67 NY2d 906; *People v Gonzalez, supra*, at 609-611; *People v Emmett*, 25 NY2d 354, 356; *see also, Anders v California, supra*, at 743-744).

Recognizing that the courts, prosecutors and the defense bar are increasingly grappling with the burden of frivolous appeals and that there has been an increase in the use of *Anders* briefs, we take this opportunity to offer some guidance. Where a defendant who pleads guilty but does not execute a waiver of appeal receives an enhanced sentence due to noncompliance with terms of the plea agreement and requests assigned counsel to

challenge the severity of the sentence or to raise other arguably meritorious issues on appeal, the proper course is to submit a brief addressing these issues as an advocate rather than to submit an *Anders* brief. We believe that this practice will most effectively "assure that an indigent criminal appellant receives substantially the same assistance of counsel as one who can afford to retain an attorney of his [or her] choice" (*People v Gonzalez, supra*, at 610; *see, Douglas v California*, 372 US 353).

Cardona, P. J., Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.