■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. DIXON, Appellant. [733 NYS2d 639] —Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 20, 2000 and amended July 13, 2000, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In May 1999, defendant pleaded guilty to the crime of driving while intoxicated in full satisfaction of the charges against him. County Court deferred sentencing, placed defendant on

interim probation and imposed certain conditions including, *inter alia*, that defendant participate in various alcohol treatment programs, remain at a halfway house for alcoholics and meet regularly with his probation officer. Thereafter, in May 2000, defendant's interim probation officer appeared before the court to report that defendant had violated the terms of his interim probation by leaving the halfway house and failing to report to his probation officer. In June 2000, County Court revoked the interim probation and sentenced defendant to a prison term of 1½ to 4 years. The court subsequently realized its sentencing error and, on July 13, 2000, defendant was resentenced to a term of 1⅓ to 4 years in prison.

Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Based upon our review of the record and defense counsel's brief, we disagree. "Where, as here, [a defendant does] not waive his right to appeal as part of the plea agreement and an enhanced sentence was imposed, we cannot conclude that an appeal would be 'wholly frivolous', regardless of whether any issues are ultimately determined to be without merit" (*People v Haight*, 281 AD2d 648; *see, People v Espino*, 279 AD2d 798, 799). Accordingly, defense counsel's application to be relieved of assignment is granted and new counsel will be assigned to address any issues that the record may disclose (*see, People v Stokes*, 95 NY2d 633; *People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Cardona, P. J., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.