■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. THERRIEN, Appellant. [753 NYS2d 235] —Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered October 11, 2001, convicting defendant upon his plea of guilty of the crime of contempt in the first degree.

On June 28, 2001, defendant pleaded guilty to one count of criminal contempt in the first degree, waiving his right to appeal, in satisfaction of a 16-count indictment and was promised a sentence which included, inter alia, a six-month jail term and probation. County Court admonished defendant as follows, "I will accept that plea in full satisfaction of all counts of the indictment, and if you don't commit a crime between now and the day of sentencing, I will sentence you [as per the plea agreement]." Sentencing was scheduled for August 28, 2001. On July 27, 2001, after having served the equivalent of the proposed six-month jail term, defendant appeared in County Court. Because he was being released on his own recognizance prior to sentencing, he executed a form acknowledging that he read and understood the *Parker* warnings (*see People v Parker*, 57 NY2d 136, 141), and was admonished, inter alia, that if he failed to appear for sentencing or committed a crime before

sentencing, the court could sentence him to 1⅓ to 4 years in prison.

Defendant failed to appear for sentencing on the appointed date and, between July 27, 2001 and August 28, 2001, he was arrested for various offenses, including felonies, and had pleaded guilty to a misdemeanor in Schuyler County. Upon defendant's arrest on a bench warrant and his return to County Court, he attempted to excuse his failure to make a voluntary appearance by explaining that he had been busy making truck deliveries in the Boston, Massachusetts area. County Court, reciting both defendant's failure to appear and his being charged with various offenses, sentenced defendant to 1⅓ to 4 years in prison. Defendant appeals.

Defendant contends that County Court erred in imposing an enhanced sentence based upon his failure to appear at his original sentencing proceeding and his arrest for an apparently unrelated crime. Since the *Parker* conditions were not imposed as conditions of the plea agreement on June 28, 2001, County Court could not impose a greater sentence based upon their violation (*see People v Covell*, 276 AD2d 824, 825). Nevertheless, because defendant violated the one condition imposed by the court on June 28 when he pleaded guilty, we find County Court was free to impose an enhanced sentence. At sentencing, County Court recited that it had been reported to the court that defendant had been charged with various offenses since his release. The court invited argument from counsel and defendant as to whether defendant should be sentenced as originally proposed. The District Attorney recited, inter alia, that defendant had committed another crime and pleaded guilty to that crime. Defendant's attorney confirmed that defendant pleaded to a misdemeanor in Schuyler County. Defendant, when given the opportunity to explain his conduct, addressed only his failure to appear for sentencing and did not contradict the assertion of his new criminal activity and plea. "Because defendant violated the terms of the plea bargain agreement, County Court was free to impose a sentence greater than that promised as part of the agreement" (*People v Johnson*, 238 AD2d 641, 641, *lv denied* 90 NY2d 859, citing *People v Figgins*, 87 NY2d 840, 841; *see People v Perham*, 263 AD2d 766, 767, *lv denied* 93 NY2d 1045; *People v Waldron*, 257 AD2d 771, 771). Under the circumstances presented, we find that the court was free to impose the sentence of 1⅓ to 4 years.

Since defendant was not informed of the maximum potential sentence for noncompliance with the plea agreement, defendant's waiver of his right to appeal does not encompass the

right to challenge the sentence as harsh or excessive (*see People v Espino*, 279 AD2d 798, 799-800; *People v Shea*, 254 AD2d 512, 513). Apart from defendant's commission of an additional crime following the entry of his guilty plea, the record discloses that defendant has an extensive criminal record that dates back 19 years and includes 20 convictions in New York and two in Florida. There is nothing in this matter that warrants modification of the sentence (*see People v Perham, supra* at 767; *People v Waldron, supra* at 771).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.