■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BLACK, Appellant. [786 NYS2d 845]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), rendered November 19, 2003 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant pleaded guilty to criminal possession of a weapon in the third degree in exchange for a negotiated prison sentence of 2¼ to 4½ years. He thereafter failed to show up for sentencing. It was ultimately rescheduled, however, after defendant voluntarily contacted his attorney. At the rescheduled sentencing, defendant consented to a modification of the plea agreement. Specifically, he agreed that the designated sentence would be enhanced to 2½ to 5 years in prison as a penalty for his failure to appear on the original sentencing date. So sentenced by Supreme Court, defendant appeals.

First, we reject defendant's contention that Supreme Court erred in denying his motion to suppress a loaded handgun retrieved from his home. It was established during the suppression hearing that defendant's live-in girlfriend requested police assistance in retrieving her infant daughter and personal belongings from the home that she shared with defendant. The threesome lived on the top floor of a three-story building owned by defendant. The police officer who accompanied the girlfriend to the residence established that she possessed a key to the home which she used to let them inside and that defendant, who arrived nearly simultaneously, did not object to her entry into the building or their third-floor apartment. Once inside, according to this officer, the subject handgun was observed on the infant's changing table. Inasmuch as defendant's girlfriend had common authority over the premises since she was living there with him, and so informed the police upon requesting their assistance that day, and because the handgun was observed in plain view, Supreme Court properly denied the motion to suppress (*see People v Obee,* 299 AD2d 426 [2002], *lv denied* 99 NY2d 584 [2003]; *People v Lopez,* 291 AD2d 279 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Toro,* 198 AD2d 532 [1993]; *compare People v Gonzalez,* 88 NY2d 289 [1996]).

We further reject defendant's contention that Supreme Court erred in sentencing him to an "enhanced" sentence. The slight enhancement from the original sentence was not only agreed to by defendant (*see People v Dunsmore,* 275 AD2d 861 [2000], *lv denied* 95 NY2d 934 [2000]), but was entirely justified by his failure to appear at sentencing (*see People v Caines,* 268 AD2d 790 [2000], *lv denied* 95 NY2d 833 [2000]). Moreover, contrary to defendant's contention, there was nothing "vague" about Supreme Court's warning during the plea proceeding that his

failure to appear for sentencing would have negative ramifications on the plea bargain (*compare People v Covell,* 276 AD2d 824 [2000]; *People v Auslander,* 146 AD2d 936 [1989]). Indeed, at that proceeding, Supreme Court unequivocally advised defendant that "if [he] fail[ed] to appear for sentencing . . . the plea bargain will be no longer in existence, that [he] will be brought to trial and subject to up to the maximum penalty in the event that [he was] convicted [and that he] can also be subject to a separate prosecution for bail jumping." We find nothing "vague" about this admonishment or defendant's unequivocal indication to the court that he understood it.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.