■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL WALKER, Appellant. [803 NYS2d 449]—Rose, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered August 25, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In January 1999, defendant was charged by indictment with criminal possession of a controlled substance in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree in full satisfaction of the indictment and County Court agreed to impose a sentence of 2 to 4 years in a particular treatment program, conditioned upon defendant abiding by the terms of the agreement. Particularly relevant here, defendant was advised that his failure to appear as required for sentencing in July 1999 could result in the imposition of an increased sentence. Defendant failed to appear as directed and County Court adjourned sentencing three times before finally sentencing defendant in absentia to a prison term of 3½ to 7 years. Defendant now appeals.

Defense counsel now seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues that can be raised on appeal. Where, as here, defendant pleaded guilty but did not waive his right to appeal and an enhanced sentence was imposed based upon his violation of the plea agreement, he is

entitled to argue on appeal that the enhanced sentence was harsh and excessive, although we express no opinion about the ultimate merit of this issue (*see People v Dixon*, 288 AD2d 562, 563 [2001]; *People v Haight*, 281 AD2d 648, 648 [2001]; *People v Espino*, 279 AD2d 798, 799-801 [2001]). Accordingly, defense counsel's application to be relieved of assignment is granted and new counsel will be assigned to address this issue and any other nonfrivolous issue the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Dixon, supra* at 563; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.