■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN MARSHALL, Appellant. [807 NYS2d 691]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 9, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and, in so doing, expressly waived his right to appeal. Before County Court accepted the plea, however, it warned defendant that, in the event that he violated the conditions of the plea agreement, including the obligation to return to court on the sentencing date, it would not be bound by the agreed-upon prison sentence of 3 to 6 years. Defendant acknowledged that he understood the warning as explained to him. He nevertheless failed to appear for the scheduled sentencing hearing and was brought before the court in October 2003. County Court, finding that defendant had breached the terms of the plea agreement, sentenced him to a prison term of 4 to 8 years. Defendant now appeals and we affirm.

Defendant's argument that County Court erred in imposing a sentence greater than that which was contemplated by the plea agreement without allowing him the opportunity to withdraw his guilty plea "falls squarely within the scope of his waiver of

the right to appeal, which he failed to challenge by moving to vacate the plea or judgment" (*People v Perham*, 263 AD2d 766, 766 [1999], *lv denied* 93 NY2d 1045 [1999] [citation omitted]; *see People v Caines*, 268 AD2d 790, 791 [2000], *lv denied* 95 NY2d 833 [2000]). In any event, defendant's contention is unpersuasive inasmuch as he, without any valid excuse, breached the unequivocal requirement that he be present for sentencing, thereby justifying County Court's determination to impose an enhanced sentence (*see People v Perham, supra* at 767).

We similarly conclude that defendant's challenge to his sentence on the ground that it is harsh and excessive is not properly before us in light of his knowing waiver of his right to appeal (*see People v Schryver*, 306 AD2d 626, 626-627 [2003], *lv denied* 100 NY2d 598 [2003]; *People v Espino*, 279 AD2d 798, 800 [2001]). Nevertheless, even if we were to consider this issue, there is no record evidence demonstrating an abuse of discretion on the part of County Court or the existence of extraordinary circumstances warranting a reduction of the sentence here (*see People v Calkins*, 6 AD3d 744, 746 [2004], *lv denied* 3 NY3d 671 [2004]).

We have reviewed defendant's remaining contentions, including those contained in his pro se brief, and find each of them to be similarly encompassed by the waiver of his right to appeal.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.