(August 7, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. McGOURTY, Appellant. [862 NYS2d 653]—

Malone Jr., J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 12, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a prison sentence of six years and an unspecified period of postrelease supervision and waived his right to appeal. As part of the plea agreement, County Court expressly advised defendant that if he, among other things, failed to cooperate with the Probation Department or appear for sentencing, it could impose the maximum permissible sentence. Defendant indicated that he understood and signed a *Parker* admonishment to that effect (*see People v Parker*, 57 NY2d 136, 141 [1982]). When defendant failed to report to the Saratoga County Department of Probation as directed, County Court issued a warrant for his arrest. Upon defendant's return to custody, a hearing was held to determine whether defendant should receive an enhanced sentence. At the conclusion thereof, County Court found that defendant indeed violated the terms of his release and thereafter sentenced him to a term of nine years in prison followed by three years of postrelease supervision. This appeal by defendant ensued.

We affirm. County Court clearly had the right to impose an enhanced sentence (*see id.*). Inasmuch as defendant failed to tender a valid excuse for failing to comply with the conditions of his release, the imposition of the enhanced sentence was justified (*see People v Walker*, 30 AD3d 823 [2006]; *People v Marshall*, 25 AD3d 876, 877 [2006], *lv denied* 6 NY3d 850 [2006]). Defendant's remaining contention, that the enhanced sentence imposed is harsh and excessive and should be reduced in the interest of justice, is not properly before us in light of his valid and unchallenged waiver of the right to appeal (*see People v Hopkins*, 46 AD3d 1107, 1108 [2007]; *People v Marshall*, 25 AD3d at 877; *People v Holmes*, 306 AD2d 889 [2003], *lv denied* 100 NY2d 621 [2003]).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.