■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN M. BAEZ, Appellant. [889 NYS2d 709]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered August 25, 2008, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, false personation and obstructing governmental administration in the second degree and the violations of speeding and failure to wear a seatbelt.

Defendant pleaded guilty to all counts of an eight-count indictment, which included felony charges of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree, pursuant to a plea bargain by which he would receive a one-year sentence in county jail and $2,000 in fines. However, when defendant did not appear for his originally scheduled sentencing, he was thereafter sentenced to an aggregate prison term of 1⅓ to 4 years and assessed nearly $11,000 in fines. Defendant now appeals, challenging the severity of his sentence.

We affirm. County Court is vested with the discretion to issue an enhanced sentence when, as here, a defendant is put on notice of the consequences of failing to appear for sentencing without a valid excuse and he or she, thereafter, fails to appear (*see People v Carter*, 64 AD3d 1089, 1090 n, 1090-1091 [2009]; *People v Marshall*, 25 AD3d 876, 877 [2006], *lv denied* 6 NY3d 850 [2006]). Here, the court was very explicit in repeatedly warning defendant during the plea hearing that, should he fail to appear for sentencing, he could face the maximum sentence of 1⅓ to 4 years on the felony counts and the court could hit him "very, very hard" on the fines. Despite the admonitions, defendant failed to appear, with the proffered excuse that he was unable to secure transportation from his home in New Jersey. As such, we find that County Court did not abuse its discretion in issuing defendant an enhanced sentence.

Mercure, J.P., Lahtinen, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.