Egan Jr., J.
 

 Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered September 26, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
 

 In June 2013, pursuant to a negotiated plea agreement, and in full satisfaction of a six-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and executed a written waiver of appeal in open court. Under the terms of the plea agreement, defendant was to be sentenced as a predicate felon to 3V2 years in prison to be followed by three years of postrelease supervision. In addition, County Court expressly advised defendant that it would not be bound by the sentencing commitment if he failed to cooperate with certain conditions that he was required to abide by. Defendant indicated that he understood, and he executed a written Parker admonishment in open court to that effect (see People v Parker, 57 NY2d 136, 141 [1982]). When defendant failed to report to the Rensselaer County Department of Probation and appear for sentencing, a bench warrant was issued for his arrest. Defendant was returned to custody,
 
 *
 
 and County Court ultimately found that defendant violated the terms of his release and thereafter sentenced him, as a predicate felon, to 5V2 years in prison to be followed by three years of post-release supervision. Defendant appeals.
 

 We affirm. Although defendant contends that County Court erred in imposing an enhanced sentence because it failed to adequately inform him prior to his guilty plea of the conditions that he was required to abide by or of the consequences for violating those conditions, the record belies defendant’s claim. During the plea proceedings, defendant executed a written Parker admonishment in open court, and County Court specifically advised defendant that the court would not be bound by the sentencing commitment if he were to be re-arrested, fail to cooperate with the Probation Department or fail to appear for sentencing, and defendant expressly acknowledged his understanding of these conditions. County Court also asked defendant at sentencing whether he wanted to withdraw his plea based upon the potential imposition of an enhanced sentence, and defendant indicated that he did not wish to withdraw his plea and that he wanted to proceed to sentencing (see People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]; People v Haynes, 14 AD3d 789, 790-791 [2005], lv denied 4 NY3d 831 [2005]). Moreover, inasmuch as defendant, after being given an opportunity to be heard, did not dispute his noncompliance with each of these conditions or tender a valid excuse for failing to abide by the conditions of his release, we find that the imposition of the enhanced sentence was justified (see People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]; People v Coffey, 77 AD3d 1202, 1203-1204 [2010], lv denied 18 NY3d 882 [2012]; People v McGourty, 54 AD3d 440, 440 [2008], lv denied 11 NY3d 927 [2009]; People v Black, 14 AD3d 734, 735-736 [2005], lv denied 4 NY3d 796 [2005]).
 

 Peters, P.J., Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 At the time that defendant was returned to custody on the bench warrant, the People informed County Court that defendant had also been arraigned in June 2014 on charges of identity theft in the first degree, forgery in the second degree and offering a false instrument for filing in the first degree, all of which stemmed from an incident in which defendant submitted a false application to the Department of Motor Vehicles for a non-driver identification card in August 2013.