People v Pineda (2024 NY Slip Op 05902)

People v Pineda

2024 NY Slip Op 05902

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Ind. No. 1290/17 Appeal No. 3134 Case No. 2022-00947 

[*1]The People of the State of New York, Respondent,
v
Jose Pineda, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca J. Gannon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered February 22, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 3½ years to be followed by five years of postrelease supervision, unanimously affirmed.
Although defendant's waiver of his right to appeal was valid (People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), his claim that the court improvidently imposed an enhanced sentence based on his failure to timely appear for sentencing survives his waiver of the right to appeal (see People v Cruz, 221 AD3d 465, 465 [1st Dept 2023]). Nevertheless, the court providently imposed an enhanced sentence. Defendant failed to appear in court on the scheduled sentencing date after the court had warned him that it would sentence him to seven years if he did not return for sentencing on the scheduled date (see People v Figgins, 87 NY2d 840, 841 [1995]; People v Marrero, 246 AD2d 402, 402 [1st Dept 1998], lv denied 91 NY2d 975 [1998]).
Defendant's valid waiver of the right to appeal forecloses review of his excessive sentence claim (see People v Thomas, 34 NY3d 545; People v Adames, 227 AD3d 483 [1st Dept 2024], lv denied 42 NY3d 969 [2024]). As an alternative holding, we perceive no basis for reducing the sentence. The court had warned defendant it would sentence him to seven years if he failed to appear on the scheduled sentencing date, but ultimately imposed a sentence of three and one-half years, only six months above the originally promised sentence (see People v Bridges, 143 AD3d 649 [1st Dept 2016]; Marrero, 246 AD2d at 402). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024