People v Roberts (2026 NY Slip Op 01823)

People v Roberts

2026 NY Slip Op 01823

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CR-24-1274
[*1]The People of the State of New York, Respondent,
vJames O. Roberts, Appellant.

Calendar Date:February 11, 2026

Before:Garry, P.J., Aarons, Ceresia, Fisher and Mackey, JJ.

Matthew C. Hug, Albany, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered March 12, 2024, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant and a codefendant were charged in a seven-count indictment with various crimes, including criminal possession of a weapon in the second degree. Defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the indictment and waived the right to appeal. The plea agreement contemplated that defendant would be sentenced, as a second felony offender, to seven years in prison, to be followed by five years of postrelease supervision. Defendant was given Parker warnings and was informed that, if he failed to appear for sentencing, County Court would not be bound by the sentence commitment in the plea agreement and could impose an enhanced sentence. Defendant subsequently failed to appear for sentencing and a bench warrant was issued for his arrest. Upon being returned to court, defendant was sentenced, as a second felony offender, to an enhanced sentence of eight years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant initially contends that the indictment was jurisdictionally defective because all of the material elements of criminal possession of a weapon in the second degree were not set forth due to a lack of reference to the weapon being loaded (see Penal Law § 265.03 [3]). "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Ray, 71 NY2d 849, 850 [1988] [internal quotation marks, brackets and citations omitted]; see People v D'Angelo, 98 NY2d 733, 734 [2002]). "A charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge" (People v Guidry, 158 AD3d 901, 901 [3d Dept 2018] [internal quotation marks and citations omitted]; see People v Mathis, 185 AD3d 1094, 1096 [3d Dept 2020]). Here, the reference to Penal Law § 265.03 (3) in the indictment and the specific reference to defendant possessing a loaded firearm was sufficient to constitute allegations that the weapon was loaded in order to survive a jurisdictional challenge (see People v Hummel-Parker, 171 AD3d 1397, 1398 [3d Dept 2019]; People v Benn, 159 AD3d 1272, 1273 [3d Dept 2018], lv denied 32 NY3d 935 [2018]).
Contrary to defendant's further contention, his waiver of the right to appeal is valid. The record reflects that defendant assured County Court that he understood that the appeal waiver was part of the plea agreement and that it was separate and distinct from the rights discussed in connection with his guilty plea. Defendant also executed a written appeal waiver, acknowledging that he had reviewed it with counsel [*2]and that he understood its content, which specifically delineated certain appellate rights that survive the waiver. Accordingly, "[a]s the combined oral and written appeal waiver made clear that appellate review of certain issues survive the waiver, we find that defendant's waiver of appeal was knowing, voluntary and intelligent" (People v Gonzalez, 234 AD3d 1186, 1187 [3d Dept 2025]; see People v Fassett, 243 AD3d 1023, 1024 [3d Dept 2025]; People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]). As such, "defendant's challenge to the factual sufficiency of his plea allocution, which was not preserved for our review by an appropriate postallocution motion, is foreclosed by his valid appeal waiver" (People v McClain, 165 AD3d 1345, 1346 [3d Dept 2018] [internal citations omitted]; see People v Sims, 207 AD3d 882, 883-884 [3d Dept 2022], affd 41 NY3d 995 [2024]). Finally, defendant's challenge to the severity of his enhanced sentence "is precluded by his valid waiver of the right to appeal, given that the court previously informed him of the potential consequences of failing to appear for sentencing" (People v Crowder, 110 AD3d 1384, 1386 [3d Dept 2013], affd 24 NY3d 1134 [2015]; see People v Drennan, 236 AD3d 1245, 1247 [3d Dept 2025], lv denied 43 NY3d 1045 [2025]), as is his request that we reduce the sentence in the interest of justice (see People v Jean-Pierre, 203 AD3d 1226, 1228 [3d Dept 2022], lv denied 38 NY3d 1033 [2022]; People v McGourty, 54 AD3d 440, 440 [3d Dept 2008], lv denied 11 NY3d 927 [2009]).
Garry, P.J., Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.