■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUZANNE SKINNER, Appellant.—Appeal unanimously dismissed as academic. Memorandum: The sentence challenged by defendant was superseded by a subsequent sentence imposed for violation of her probation. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. HARRIS, III, Appellant.—Judgment unanimously reversed on the law and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Defendant was arraigned on the probation violation on April 24, 1989. On December 13, 1989, his probation was revoked and he was sentenced to a term of imprisonment. The record is devoid of any evidence indicating that defendant pleaded guilty to the probation violation charge or that he was afforded his rights to make a statement or be given a hearing pursuant to CPL 410.70 (1) and (2). The foregoing errors, as conceded by the People, require that the judgment revoking defendant's probation be reversed and the matter remitted for further proceedings pursuant to CPL 410.70 (see, People v Wyche, 43 AD2d 836, 837). (Appeal from Judgment of Supreme Court, Erie County, Francis, J.—Violation of Probation.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ MICHAEL E. SINSEL et al., Individually and As Parents and Natural Guardians of MELISSA SINSEL, an Infant, Appellants, v MARY LYONS, Respondent and Third-Party Plaintiff. MICHAEL SINSEL, JR., et al., Third-Party Defendants-Respondents.—Motion for leave to appeal to the Court of Appeals denied; Motion by third-party defendants for reargument granted and upon reargument, the order and memorandum (168 AD2d 902) are amended to delete references to third-party defendants as "respondents". Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ In the Matter of ARTHUR F. TURCO, JR.—Motion for reinstatement as an attorney and counselor at law denied. Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.