■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SMALL, Appellant. [597 NYS2d 191] —Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 24, 1992, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was originally sentenced to five years' probation following his conviction of driving while intoxicated as a felony. Defendant then pleaded guilty to violating the terms of his probation and, at the plea hearing on the violation of probation charge, agreed to a prison sentence of one year. Defendant also acknowledged that if he failed to appear for sentencing that County Court would be free to impose a sentence of 1⅓ to 4 years' imprisonment. Defendant did fail to appear for sentencing and County Court subsequently sentenced him to 1 to 3 years' imprisonment. Defendant contends that the sentence he received after violating his probation was harsh and excessive. We disagree.

Upon defendant's failure to adhere to the specific condition of his plea bargain that he appear for sentencing, County Court was free to enhance the sentence in accordance with the plea bargain (see, People v Fuller, 156 AD2d 377; People v Chevalier, 92 AD2d 944). Defendant admitted that he had violated various conditions of his probation, including testing positive for the use of cocaine and failing to report to the Probation Department or enter treatment for substance abuse. Given these facts, as well as defendant's criminal record and his agreement to the sentence ultimately imposed, we find no reason to disturb the sentence imposed by County Court (see, People v Battaglia, 179 AD2d 841, lv denied 79 NY2d 943; People v Maye, 143 AD2d 483, lv denied 73 NY2d 788).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.