On April 28, 1995, at about 6:00 A.M., the victim was standing on the breakfast line at the men's shelter where he lived when he got into an argument with the defendant. According to the victim and two bystanders, the defendant attacked the victim with a tennis racquet and then with a broken beer bottle. The victim was taken to the hospital, where he received 29 stitches in his head and 26 stitches in his face. The defendant claimed that his actions were justified because the victim attempted to hit him with a piece of wood embedded with nails.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that the defense of justification was disproved beyond a reasonable doubt. There was legally sufficient evidence to support the conclusion that the defendant was the initial aggressor and the victim was initially unarmed (*see,* Penal Law § 35.15 [1] [b]; *People v Soriano,* 188 AD2d 420; *People v Lemaire,* 187 AD2d 532, 533). While the defendant contends that the testimony of the prosecution witnesses was incredible, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILEE KNOWLES, Appellant. [664 NYS2d 69] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Spires, J.), rendered November 6, 1996, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her conviction of robbery in the first degree, upon her plea of guilty.

Ordered that the amended judgment is affirmed.

At the time she admitted to her second violation of probation, the defendant was promised a sentence of continued probation on condition that she register with a residential drug treatment program before the sentencing date, and was not rearrested pending sentence. The court indicated that if the defendant failed to comply with these conditions, it would impose a term of incarceration. The defendant failed to report to her probation officer, failed to register with a residential drug treatment program, and failed to appear for sentencing. She was thereafter arrested pursuant to a bench warrant.

Prior to the imposition of sentence, the defendant was given an opportunity to explain her earlier initial failure to appear, and she was unable to give a plausible explanation (*see, People v Outley,* 80 NY2d 702). Contrary to the defendant's contention, the court did not err in declining to hold a hearing to inquire into her conclusory claim that she attempted to register with a residential drug treatment program (*see,* CPL 400.10), and properly imposed a sentence of incarceration. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.