■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID IVERY, Appellant. [796 NYS2d 653]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Westchester County (Angiolillo, J.), rendered May 13, 2002, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, rendered November 14, 2002, revoking a sentence of probation previously imposed by the same court, upon his admission that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon appeal from the judgment, so much of the order of protection as directed that it remain in effect until May 13, 2007, is vacated, on the law and as a matter of discretion in the interest of justice, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit; and it is further,

Ordered that the amended judgment is affirmed.

The defendant's challenges to the validity of his plea of guilty are not preserved for appellate review since the defendant did not move to withdraw the plea (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Thomas*, 262 AD2d 588, 589 [1999]). In any event, the plea proceedings demonstrate that the plea was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536,

543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]). The record does not support the defendant's contention that the Supreme Court coerced him into admitting a violation of probation.

The defendant failed to preserve his claim that the Supreme Court should have conducted a further inquiry before accepting his plea of guilty as to sexual abuse in the first degree, and the "rare case" exception to the preservation requirement does not apply (*see People v Lopez, supra* at 666; *People v Martin,* 7 AD3d 640, 641 [2004]; *People v Deyes,* 3 AD3d 575, 576 [2004]). In any event, the contention is without merit.

The defendant's contention that the duration of the final order of protection failed to take into account his jail-time credit is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nieves,* 2 NY3d 310, 315-317 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson,* 16 AD3d 521 [2005]). The defendant is correct that the duration of the order of protection should have taken into account his jail-time credit (*see People v Pettiford,* 1 AD3d 466 [2003]; *People v Smith,* 308 AD2d 604 [2003]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new determination as to the duration of the final order of protection, taking into account the defendant's jail-time credit. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.