■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. WALKER, Appellant. [833 NYS2d 671]—

Rose, J. Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered May 8, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

On April 25, 2005, having pleaded guilty to a fifth conviction for driving while intoxicated, defendant was sentenced to five years of probation which required that, among other things, he abstain from the use or purchase of alcohol or illegal drugs and that he successfully undergo a substance abuse evaluation.* Defendant thereafter admittedly failed to comply with these terms by testing positive for marihuana and cocaine in December 2005, being observed purchasing alcohol by his probation officer and failing to attend at least three scheduled substance abuse evaluations. Nevertheless, he requested that, rather than impose upon him a period of incarceration, County Court afford him the opportunity to undergo inpatient treatment at Saint Joseph's Rehabilitation Center (hereinafter St. Joseph's) in Franklin County. County Court did so, emphasizing that it was adjourning sentencing pending defendant's successful completion of inpatient and aftercare treatment. After admission to St. Joseph's on April 12, 2006, defendant, against the recommendation of his treatment provider, departed the facility three days later. As a result, County Court revoked his probation and resentenced him to a prison term of 14 to 42 months. On this appeal, defendant asserts that his placement at a religious-based substance abuse treatment program was a violation of his rights under the Establishment Clause of the 1st Amendment of the US Constitution.

We disagree and affirm. Although defendant presently maintains that he was unaware of the allegedly religious nature of the substance abuse program at St. Joseph's, a review of the record reveals that he specifically asked to undergo treatment there. Indeed, while admitting to violating his probation, he

---

* The record is unclear as to the actual date that defendant was sentenced to probation. The date relied upon is the one specified on defendant's declaration of delinquency, but the record also references April 26, 2005 and April 27, 2005.

expressed an eagerness to be "evaluated for inpatient at St. Jo[seph]'s . . . to end the cycle [of addiction] that he seems to be on" (*compare Matter of Griffin v Coughlin*, 88 NY2d 674, 686-688 [1996], *cert denied* 519 US 1054 [1997]). Despite his subsequent dissatisfaction with the treatment practices at St. Joseph's, we have no difficulty concluding that County Court, having finally exhausted its patience as regard to this defendant, did not abuse its discretion in sentencing him to a term of imprisonment (*see People v Bertsch*, 31 AD3d 961, 962 [2006]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

