■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN HILL, Appellant. [908 NYS2d 878]—

Judgment, Supreme Court, New York County (Brenda Soloff, J., at plea; Renee A. White, J., at sentence), rendered February 3, 2009, convicting defendant of criminal possession of a controlled substance in the fifth and seventh degrees, and sentencing him to an aggregate term of 2⅓ to 7 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded to Supreme Court for further proceedings in accordance with this decision.

Defendant's plea agreement provided that the felony conviction would be vacated if he successfully completed a drug program. In the circumstances of this case, defendant's challenge to the basis for the program's decision to terminate him gave rise to a factual dispute that required the court to conduct an inquiry of sufficient depth to satisfy itself that there was a legitimate basis for the program's decision (*see People v Fiammegta*, 14 NY3d 90 [2010]). The court, which relied entirely on factual claims in the probation report that defendant expressly challenged, did not conduct any type of factual inquiry or explain its findings. Although defendant did not ask for any further inquiry and thus did not preserve this issue, we choose to review it in the interest of justice.

As the People concede, defendant is entitled to a new sentencing proceeding in any event, because the court misapprehended its sentencing discretion. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.