THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVENDRA RAMDASS, Appellant. [931 NYS2d 534]—

On the defendant's previous appeal, we reversed the sentence imposed on the ground that the sentencing court "several times expressed the erroneous belief that it was bound by the promise made by the justice who presided over the plea proceeding" (*People v Ramdass*, 68 AD3d 1139, 1140 [2009]), and we remitted the matter to the Supreme Court, Kings County, for resentencing (*id.* at 1140). We noted that the court was required to determine an appropriate sentence in light of "all [of] the circumstances" (*id.*). On remittal, the Supreme Court acknowledged that it retained discretion to impose the sentence that it deemed appropriate, but stated that the Justice who presided over the plea proceeding "knew the case best" and that there was no "compelling" reason to depart from that Justice's promise. These statements do not satisfy us that the Supreme Court fully appreciated the extent of its obligation and discretion. It is the sentencing court that is in the best position to choose an appropriate sentence, because only that court has the benefit of, among other things, the presentence report and the statements of the People, the victim, defense counsel, and the defendant (*see* CPL 380.50). As the original Justice recognized at the plea proceeding, when he stated that he expected the victim to make a statement at sentencing, his sentencing promise necessarily was preliminary. Therefore, we reverse the resentence and again remit the matter to the Supreme Court, Kings County, so that it may impose an appropriate sentence af-

ter consideration of all of the relevant circumstances (*see People v Farrar*, 52 NY2d 302, 305-306 [1981]; *People v Dorino*, 145 AD2d 432, 433 [1988]). We decline the defendant's request that we remit the case to a different Justice, and we do not express any view as to the appropriateness of any particular sentence.

In light of our determination, the defendant's remaining contention has been rendered academic. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.