■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v P. BRENT McDEVITT, Also Known as PETER B. McDEVITT, Appellant. (And Another Related Action.) [948 NYS2d 768]—

Garry, J.

In July 2006, defendant resolved multiple charges then pending in both Saratoga and Warren Counties by plea agreements. In Warren County, he pleaded guilty to one count of felony driving while intoxicated (hereinafter DWI) and one count of aggravated unlicensed operation of a motor vehicle. Sentencing was adjourned for one year and he was placed on interim probation with conditions, including participation in the Warren County treatment court, with the further agreement that he would be sentenced to a five-year period of probation if he successfully complied with the conditions, but could be sentenced to incarceration if he failed to comply. In Saratoga County, defendant pleaded guilty to one count of felony DWI and was sentenced to time served and a five-year period of probationary supervision to run concurrently with the Warren County probation. Defendant subsequently completed treatment court; he was sentenced in Warren County to a five-year term of probation, and supervision of the remainder of his Saratoga County sentence was transferred to Warren County.

Thereafter, defendant allegedly violated his probation on multiple occasions, including being arrested for several additional crimes as well as testing positive for controlled substances. In June 2010, County Court adjourned a probation revocation hearing based on defendant's agreement to participate in a 28-day evaluation at an inpatient substance abuse treatment facility. Defendant thereafter left the facility before

completing the program and went to Florida. Upon his return to New York, defendant appeared in County Court in August 2010 and, pursuant to a new plea agreement with the People, admitted that he had violated his probation by testing positive for controlled substances, waived his rights to a probation revocation hearing and an appeal, and agreed that after serving 60 days in jail he would enter another drug treatment program called Day Top. Pursuant to this agreement, County Court adjourned defendant's sentencing for the admitted probation violations until May 2011 and advised defendant that if he successfully completed the Day Top program, his probation could be continued, but if he did not do well at Day Top, left the program, tested positive for controlled substances, obtained drugs or alcohol or was rearrested, he could be sentenced to consecutive prison terms on his Saratoga County and Warren County convictions.

Thereafter, defendant was discharged from Day Top for violating its policies. At an appearance in December 2010, County Court found that defendant had violated the conditions of the August 2010 agreement, denied his motion for a hearing on this issue, denied his motion to withdraw his plea and sentenced him to consecutive prison terms of 1$^1$/$_3$ to 4 years on his Saratoga County and Warren County convictions. Defendant appeals, contending that his due process rights were violated by County Court's refusal to conduct a hearing following his discharge from Day Top.

Defendant now contends that County Court should have conducted a probation revocation hearing pursuant to CPL article 410 before sentencing him to incarceration. Even if this contention had been preserved, we would have found it without merit. The statutory requirements—that defendant be found to have violated his probation and allowed an opportunity to be heard—were fully satisfied by the August 2010 proceeding, in which defendant admitted to violating the terms of his probation and waived his right to a revocation hearing (see CPL 410.70 [1]). Thus, the issue in December 2010 was not whether defendant had committed a new probation violation, but instead merely whether he had failed to adhere to the conditions of his plea agreement by being discharged from Day Top—and the condition that he successfully complete this drug treatment program prior to sentencing was clearly within the trial court's authority (see CPL 400.10 [4]; People v Avery, 85 NY2d 503, 507-508 [1995]). Nor was County Court's authority altered by the fact that defendant was on probation in August 2010 (see People v Knowles, 244 AD2d 425, 426 [1997]; People v Small,

192 AD2d 889, 889 [1993]; *compare People v Walker*, 38 AD3d 1103, 1104 [2007]).

We further reject defendant's argument that due process required an evidentiary hearing to establish that defendant had violated the plea agreement. In this circumstance, a full hearing is not required, but the sentencing court must afford the defendant an opportunity to respond and must conduct an inquiry of sufficient depth to "assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley*, 80 NY2d 702, 712 [1993]; *see People v French*, 72 AD3d 1397, 1398 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Coleman*, 270 AD2d 713, 714 [2000]). Where, as here, a defendant agrees to complete a drug treatment program as an alternative to incarceration and is discharged from the program for misconduct, the court must determine whether there was a legitimate basis for the discharge, and the record must reveal this inquiry and the basis for the court's conclusions (*see People v Fiammegta*, 14 NY3d 90, 98 [2010]; *People v Valencia*, 3 NY3d 714, 715 [2004]). County Court met these requirements by detailing the charges that led to defendant's discharge from Day Top, describing the inquiry it had undertaken into the basis for the charges, and introducing into evidence reports from program supervisors explaining defendant's misconduct. Defendant and his counsel were given an opportunity to respond, and defendant declined comment; his counsel argued that a recent change in defendant's representation necessitated additional time for investigation and repeated the request for a hearing.[1] Neither defendant nor his counsel denied that he had been discharged from the program, challenged the accuracy of the court's account of the reasons for his discharge nor identified any explanatory circumstances or factual issues requiring additional investigation or a hearing. The record thus provides no basis upon which this Court could conclude that the court's inquiry was insufficient (*compare People v Fiammegta*, 14 NY3d at 98-99; *People v Valencia*, 3 NY3d at 715-716; *People v Hill*, 77 AD3d 518, 518 [2010]; *see People v Dissottle*, 68 AD3d 1542, 1544 [2009], *lv denied* 14 NY3d 799 [2010]).

Finally, defendant contends that the conditions of his August 2010 plea agreement were too vague to inform him of the conduct that would result in his discharge from Day Top. Nota-

---

1. County Court found that defense counsel had sufficient notice of the charges to conduct an investigation before the December 2010 proceeding. Further, defendant had personal knowledge of the circumstances surrounding his discharge and should have been able to advise his new counsel of any factual disputes or other issues requiring further investigation.

bly, defendant made no claim during the December 2010 proceeding that his discharge resulted from any failure to understand the program's rules or the conditions of his plea. The record of the August 2010 proceedings fully reveals that the agreement was conditioned on defendant's successful completion of the Day Top program and that defendant understood that his failure to do so could result in consecutive prison sentences.[2] Accordingly, we find that defendant's due process rights were not violated and County Court properly sentenced him in accordance with the August 2010 plea agreement (*compare People v Knowles*, 244 AD2d at 426).

Peters, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Among other things, the appeal waiver executed by defendant and counsel specifically provides that defendant could be sentenced to consecutive prison sentences "if [he] fail[ed] to complete Day Top."