■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MONTENEGRO, Appellant. [60 NYS3d 95]—

Appeal by the defendant from an amended judgment of the

County Court, Suffolk County (Camacho, J.), rendered June 26, 2015, revoking a sentence of probation and restitution previously imposed by the same court, upon a finding that he violated a condition thereof, without a hearing, and imposing a sentence of imprisonment and restitution upon his previous conviction of grand larceny in the third degree.

Ordered that the amended judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

A court may not revoke a sentence of probation without finding that the defendant has violated a condition of the sentence and affording the defendant an opportunity to be heard (see CPL 410.70 [1]). The statutory requirements may be satisfied either by conducting a revocation hearing pursuant to CPL 410.70 (3) (see People v Lora, 162 AD2d 719 [1990]), or through an admission by the defendant of the violation, coupled with a proper waiver of the defendant's right to a hearing (see People v McDevitt, 97 AD3d 1039, 1040 [2012]).

Under the circumstances of this case, the defendant's contention that the County Court erred in finding that he violated the conditions of his probation without holding a hearing is not subject to the preservation requirement (cf. People v Williams, 27 NY3d 212, 214 [2016]). The transcript of the resentencing proceeding confirms that the defendant had no reasonable opportunity to object to the court's procedure before the finding of probation violation was made, and the defendant was resentenced immediately thereafter.

Contrary to the People's contention, the record contains no evidence that the defendant freely admitted to the violation of probation. Nor is there any evidence that the defendant waived his right to a revocation hearing pursuant to CPL 410.70. Rather, the County Court, without conducting any hearing, found "by a preponderance of the evidence" that the defendant had violated the conditions of his probation. This was error (see People v Lora, 162 AD2d 719 [1990]).

Accordingly, the amended judgment must be reversed and the matter remitted to the County Court, Suffolk County, for a revocation hearing pursuant to CPL 410.70 and a new determination thereafter (see People v Lora, 162 AD2d 719 [1990]).

In light of our determination, we do not reach the parties' remaining contentions. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.