Garry, J.
 

 Appeal from a judgment of the County Court of Essex County (Ryan, J.), rendered December 1, 2015, which revoked defendant’s probation and imposed a sentence of incarceration.
 

 In April 2014, defendant was sentenced to three years of probation upon his conviction of the misdemeanor offenses of aggravated harassment in the second degree and resisting arrest. In October 2014, defendant was charged with violating the terms of his probation after he was discharged from a substance abuse treatment program for secretly tape-recording a group therapy session. Following a hearing, County Court (Meyer, J.) determined that defendant had violated the terms of his probation, but sentencing was adjourned to provide defendant with an opportunity to complete substance abuse treatment and undergo mental health counseling. Defendant thereafter failed to complete treatment despite several adjournments made for that purpose. Ultimately, County Court (Ryan, J.) revoked defendant’s probation and imposed an aggregate sentence of eight months in jail. Defendant appeals.
 

 We affirm. The record reflects that, while on probation, defendant was enrolled in a substance abuse treatment program at St. Joseph’s Rehabilitation Center. His treatment counselor at the center testified that defendant was discharged from the program for breaching a confidentiality agreement by secretly tape-recording a group therapy session. We reject defendant’s contention that he was not in violation of his probation because the required participation in the center’s treatment program violated his rights under the Establishment Clause of the 1st Amendment of the US Constitution (see generally Matter of Griffin v Coughlin, 88 NY2d 674 [1996], cert denied 519 US 1054 [1997]). Assuming without deciding that the treatment program was religious-based, in this matter the record reveals that after defendant presented this concern, he was provided several adjournments, for the purpose of allowing him to complete a secular treatment program, which he failed to do. Accordingly, the finding that he had violated the conditions of his probation requiring the completion of a substance abuse treatment program was proper.
 

 At the resentencing hearing, defendant asserted that he was currently enrolled in a treatment program and requested another adjournment. However, we cannot say that County Court abused its discretion in revoking his probation and imposing a sentence of incarceration, in light of defendant’s continued failure to complete such a program, despite having been given over a year to do so (see People v Dowling, 92 AD3d 1034, 1035 [2012], lv denied 18 NY3d 993 [2012]; People v Walker, 38 AD3d 1103, 1104-1105 [2007]).
 

 Peters, P.J., Devine, Clark and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed, and matter remitted to the County Court of Essex County for further proceedings pursuant to CPL 460.50 (5).