People v McMillan (2018 NY Slip Op 07791)





People v Mcmillan


2018 NY Slip Op 07791


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108843

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JIMIR S. McMILLAN, Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Kelly M. Monroe, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Northrup Jr., J.), rendered March 4, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to attempted robbery in the second degree and was sentenced to five years of probation. While on probation, defendant was arrested for criminal mischief in the fourth degree and another crime and, months later, for two additional crimes. Defendant was thereafter charged with violating the conditions of his probation based upon the new criminal charges, as well as his failure to participate in a drug and alcohol evaluation required as a condition of his probation. On December 2, 2014, County Court (Smith, J.) accepted defendant's admission to having violated the conditions of his probation by committing the crime of criminal mischief in the fourth degree while on probation, a crime to which he had pleaded guilty and been sentenced to time served. The court adjourned sentencing and released him so that he could obtain substance abuse treatment. Over the course of the next 15 months, repeated efforts were made to provide defendant with an opportunity to address his substance abuse and mental health problems in addition to other medical and family issues. On March 4, 2016, County Court (Northrup Jr., J.) concluded that defendant had not completed substance abuse treatment since his admission to violating probation, revoked his probation and sentenced him to a prison term of three years with two years of postrelease supervision. Defendant appeals.
We affirm. Defendant argues that County Court failed to afford him a hearing pursuant to CPL 410.70 (1) in connection with the probation violation petition, requiring that the revocation of his probation be reversed. A defendant is entitled to a summary revocation hearing if he or she contests a violation of probation (see CPL 401.70 [1]; People v Williams, 164 AD3d 845, 845 [2018]; People v Finch, 160 AD3d 1212, 1213 [2018]; People v Montenegro, 153 AD3d 553, 554 [2017]). Here, however, defendant freely admitted violating the conditions of his [*2]probation and waived his right to a hearing, satisfying the statutory requirements of CPL 410.70 (1) (see People v McDevitt, 97 AD3d 1039, 1040 [2012], lv denied 20 NY3d 987 [2012]; cf. People v Montenegro, 153 AD3d at 554). To that end, the court advised defendant that if he admitted the allegations in the violation petition, he was giving up his right to a hearing, including the right to call witnesses, to testify and to present defenses, and defendant indicated that he understood. Defendant assured the court that he had sufficient time to review the charges with counsel and wished to admit that he violated probation, which he thereafter did. Indeed, defendant does not deny that his admission and waiver of a hearing were knowing, voluntary and intelligent (compare People v Aubain, 152 AD3d 868, 869-870 [2017]; People v Bryant, 262 AD2d 791, 791 [1999]) but, rather, argues that he was entitled to a hearing prior to the later revocation of his probation and sentencing. This objection is unpreserved as it was not raised at any point during the sentencing proceedings, although there was ample opportunity to do so (see People v Williams, 27 NY3d 212, 214 [2016]; cf. People v Montenegro, 153 AD3d at 554). In any event, he is incorrect. Sentencing was based on defendant's admission and hearing waiver, obviating the need for a hearing on the violation petition. Further, he was accorded an opportunity to be heard before sentencing with regard to his failure to complete substance abuse treatment pending sentencing. Under these circumstances, CPL 410.70 did not require a hearing.
Defendant's further contention that County Court modified or supplemented the conditions of his probation following his admission, requiring a hearing before his probation was revoked, is likewise not preserved. In any event, it lacks merit, as sentencing was not based upon a finding of new, postplea violations of probation. While the court took into consideration, in revoking probation and imposing sentence, the 15-month history since defendant's admission, including multiple addenda filed to the violation petition, the court did not make new findings that defendant had violated additional conditions of probation.
Garry, P.J., Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.