People v Ayotunji A. (2019 NY Slip Op 05916)





People v Ayotunji A.


2019 NY Slip Op 05916


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


584 KA 16-00003

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AYOTUNJI A., DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an adjudication of the Monroe County Court (James J. Piampiano, J.), rendered October 31, 2013. The adjudication revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the adjudication so appealed from is unanimously reversed on the law and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant was adjudicated a youthful offender upon his plea of guilty to robbery in the third degree (Penal Law § 160.05) and sentenced, inter alia, to a term of probation. Defendant now appeals from an adjudication that revoked his probation and sentenced him to an indeterminate term of 1&frac13; to 4 years' imprisonment.
Defendant contends that County Court erred in determining that he violated the conditions of his probation without holding a hearing or securing an admission. We agree. "A court may not revoke a sentence of probation without finding that the defendant has violated a condition [there]of . . . and affording [him or her] an opportunity to be heard (see CPL 410.70 [1]). The statutory requirements may be satisfied either by conducting a revocation hearing pursuant to CPL 410.70 (3) . . . , or through an admission by the defendant of the violation, coupled with a proper waiver of [his or her] right to a hearing" (People v Montenegro, 153 AD3d 553, 554 [2d Dept 2017]). Here, as the People correctly concede, defendant never admitted to violating his probation and the court never conducted a revocation hearing. Thus, we reverse the adjudication and remit the matter to County Court for proceedings pursuant to CPL 410.70 (1) (see id.; People v Harris, 171 AD2d 1083, 1083 [4th Dept 1991]; People v Lora, 162 AD2d 719, 719 [2d Dept 1990]).
In light of our determination, defendant's challenge to the severity of his sentence is academic.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court