People v Mathews (2021 NY Slip Op 02315)





People v Mathews


2021 NY Slip Op 02315


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-13563

[*1]The People of the State of New York, respondent,
v
Joseph Mathews, Jr., appellant. (S.C.I. No. 2339/17)


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello, Nicole L. Gallo, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered October 24, 2018, revoking the probation component of a split sentence of incarceration and probation previously imposed by the same court, upon the defendant's admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of stalking in the second degree.
ORDERED that the amended judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.
The defendant pleaded guilty to stalking in the second degree in return for a split sentence of imprisonment and probation (see Penal Law § 60.01[2][d]). After completing the term of incarceration, the defendant allegedly violated conditions of his probation. Upon the defendant's admission to the violation of probation, the County Court revoked the defendant's split sentence and imposed a term of imprisonment. The defendant appeals.
As a threshold matter, under the particular circumstances of this case, we find that the defendant "had no actual or practical ability" to object to the voluntariness of his admission to the violation of probation during the few seconds that elapsed between his admission and the imposition of sentence, and the alleged deficiencies in his admission are otherwise clear from the face of the record (People v Conceicao, 26 NY3d 375, 381). Thus, contrary to the People's contention, the voluntariness of the defendant's admission is reviewable on direct appeal from the amended judgment (see People v Miazga, 171 AD3d 1358, 1359; People v Montenegro, 153 AD3d 553, 554).
Moreover, the record supports the defendant's contention that his admission to the violation of probation was not knowingly, intelligently, and voluntarily entered (see People v Aubain, 152 AD3d 868). Therefore, the amended judgment must be reversed and the matter remitted to the County Court, Suffolk County, for additional proceedings pursuant to CPL 410.70 and a new determination thereafter (see People v Montenegro, 153 AD3d at 554).
We have not considered the defendant's contention regarding two final orders of protection issued at the time of the original judgment of conviction, since those orders are not properly brought up for review upon this appeal from the amended judgment (cf. People v Peterkin, 27 AD3d 666; People v Ivery, 18 AD3d 884).
We need not reach the defendant's remaining contention challenging the validity of his appeal waiver.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court