People v Jones (2022 NY Slip Op 02432)

People v Jones

2022 NY Slip Op 02432

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-09502
 (Ind. No. 4040/18)

[*1]The People of the State of New York, respondent,
v
Tyreek Jones, appellant.

Janet E. Sabel, New York, NY (Hilary Dowling of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Claibourne Henry of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered December 17, 2020, revoking the probation component of a split sentence of incarceration and probation previously imposed by the same court, upon a finding that he violated a condition thereof, without a hearing, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.
ORDERED that the amended judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The defendant contends that the Supreme Court erred in finding that he violated a condition of his probation without holding a hearing or securing an admission. A court may not revoke a sentence of probation without finding that the defendant has violated a condition of the sentence and affording the defendant an opportunity to be heard (see CPL 410.70[1]; People v Montenegro, 153 AD3d 553, 554). The statutory requirements may be satisfied either by conducting a revocation hearing pursuant to CPL 410.70(3) (see People v Lora, 162 AD2d 719), or through an admission by the defendant of the violation, coupled with a waiver of the defendant's right to a hearing (see People v McDevitt, 97 AD3d 1039, 1040). Here, as the People concede, the defendant did not admit to violating his probation and the court did not conduct a hearing. Accordingly, the amended judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 410.70 and a new determination thereafter (see People v Mathews, 193 AD3d 879, 880; People v Ayotunji A., 174 AD3d 1503, 1504).
We decline the defendant's request that we remit the case to a different Justice (see People v Huerta, 141 AD3d 602, 603; People v Ramdass, 88 AD3d 1019, 1020).
In light of our determination, we do not reach the defendant's contention regarding the alleged excessiveness of the sentence imposed upon the amended judgment (see People v Peterson, 178 AD3d 858, 860; People v Ayotunji A., 174 AD3d at 1504).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court