People v Gines (2024 NY Slip Op 06015)

People v Gines

2024 NY Slip Op 06015

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Ind. No. 3612/18 Appeal No. 3155 Case No. 2019-05080 

[*1]The People of the State of New York, Respondent,
v
Tyrone Gines, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (James Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Guy H. Mitchell, J.), rendered August 29, 2019, convicting defendant, upon his plea of guilty plea, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant's waiver of the right to appeal was not valid (see People v Bonilla, 211 AD3d 614, 614 [1st Dept 2022]; People v Oquendo, 105 AD3d 447, 447-448 [1st Dept 2013]). Nonetheless, because he never argued in trial court that the hearing regarding whether defendant had violated the conditions of his plea agreement violated due process, defendant's claim is unpreserved (see People v Stephens, 108 AD3d 414, 414 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]), and we decline to address it in the interest of justice.
As an alternative holding, we find that the court acted within its broad discretion in denying defendant's application to be returned to a drug treatment program. The court conducted "an inquiry of sufficient depth to satisfy itself that there was a legitimate basis for the program's decision" (People v Hill, 77 AD3d 518 [1st Dept 2010]). As required, defendant was afforded a reasonable opportunity at the hearing to assert his argument (see People v Fiammegta,14 NY3d 90[2010]). Here, the court relied largely on the words of defendant and his counsel, who admitted that defendant committed a violation of the plea agreement by leaving the drug treatment program.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024