People v Caporaso

2026 NY Slip Op 02129

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Theresa R. Caporaso, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-02212, (Ind. No. 70230/22)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Lillian Wan

Phillip Hom, JJ.

Bruce R. Bekritsky, Carle Place, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Kevin C. King of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an amended judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered February 6, 2025, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment followed by a period of conditional discharge upon her previous conviction of driving while intoxicated as a felony.

ORDERED that the amended judgment is affirmed.

The defendant was convicted of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192[2]). Subsequently, it was alleged that the defendant violated a condition of her probation. The Supreme Court found, upon the defendant's admission, that the defendant violated a condition of probation and imposed a sentence of imprisonment followed by a period of conditional discharge. The defendant appeals from the amended judgment.

Under the circumstances, the defendant's challenge to the voluntariness of her admission to violating probation is reviewable on this direct appeal from the amended judgment since "the defendant had no actual or practical ability to object to the voluntariness of [her] admission to the violation of probation during the few seconds that elapsed between [her] admission and the imposition of sentence, and the alleged deficiencies in [her] admission are otherwise clear from the face of the record" (People v Mathews, 193 AD3d 879, 880 [internal quotation marks omitted]; see People v Conceicao, 26 NY3d 375, 381).

However, contrary to the defendant's contention, the record establishes that she knowingly, intelligently, and voluntarily admitted that she violated a condition of probation (see People v Pichardo-Ramirez, 235 AD3d 902, 904; People v King, 170 AD3d 1041, 1042).

DILLON, J.P., BRATHWAITE NELSON, WAN and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court